Mr. John Bracey 12905 Cherry Laurel Drive Little Rock, Arkansas 72211-5458
Dear Mr. Bracey:
You have requested an Attorney General opinion, pursuant to A.C.A. §25-19-105(c)(3)(B), concerning the release of certain records that you have requested under the Freedom of Information Act (FOIA) (A.C.A. §25-19-101 et seq.).
You indicate that you presented a request under the FOIA to the City of Little Rock for copies of the following records:
 Any complaint filed against any employee that works in the planning division, disciplinary action taken, name of supervisor who handled the complaint and outcome of the investigation.
The custodian of the records determined that all records that would be responsive to your request are exempt from disclosure. He therefore declined to provide any records. The basis of his determination was that all records that would be responsive to your request constitute "employee evaluation/job performance records" within the meaning of the FOIA, and that the FOIA's test for the release of such records had not been met.
I am directed by law to issue my opinion as to whether the determination of the custodian of the records regarding the release of the requested records is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(B).
RESPONSE
As an initial matter, I must note that I have not been provided with copies of any of the records in question. I therefore cannot opine definitively concerning the releasability of any particular record, since such a definitive conclusion would require (at a minimum) a review of the records. However, I can opine as to whether the custodian of the records has applied the correct tests in determining the releasability of these records.
It is my opinion that with one exception, the custodian of the records was correct in classifying the requested records as employee evaluation/job performance records, and in applying the FOIA's test for the release of that type of record. It is my opinion that the custodian was incorrect in classifying any complaint records that were not solicited by the employer as "employee evaluation/job performance records." Such records should be classified as "personnel records" within the meaning of the FOIA. As "personnel records," these complaint records must be subjected to a different test for releasability. These conclusions are explained below.
This office has consistently opined that in order for a record to constitute an "employee evaluation/job performance record," within the meaning of the FOIA, it must have been created by or at the behest of the employer, and it must detail the employee's performance or lack of performance on the job. See, e.g., Op. Att'y Gen. Nos. 2002-235; 2002-210; 2002-055; 2001-154; 96-132; 91-324. A record that was not created by or at the behest of the employer, such as an unsolicited complaint, constitutes a "personnel record" rather than an "employee evaluation/job performance record." Id. The release of "personnel records" is governed by the standard that is set forth in A.C.A. §25-19-105(b)(12). That is, personnel records are releasable except to the extent that their disclosure would constitute a clearly unwarranted invasion of the employee's personal privacy. The question of whether the release of any particular personnel record would constitute such a clearly unwarranted invasion is a question of fact that must be made in the first instance by the custodian of the records, under the guidance of the available court precedent. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the Arkansas Supreme Court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v. Rice,308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy." The court has found that the employee's interest outweighs the public's interest only in cases where the record reveals the intimate details of a person's life, including any information that might subject the person to embarrassment, harassment, disgrace, or loss of employment or friends.Id. If the complaints that you requested contain information of this nature, they should not be released. Again, the question of whether these records contain such information is a question of fact that must be made by the custodian of the records.
It is my opinion that the custodian of the records has applied the correct test in evaluating the releasability of the other records that you requested, which, as indicated previously, appear to all be employee evaluation/job performance records. The question of whether the custodian has reached a correct conclusion after applying that test is, again, a question of fact. If you have reason to believe that any of the custodian's determinations are incorrect with regard to those records, or any factual determination he may make concerning the release of the complaint records after applying the correct test, your remedy is to seek review by a court. See A.C.A. § 25-19-107.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General